

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor
Capitol Building
Austin, Texas

Dear Sir:

Opinion No. O-5802
Re: May the Department of
Education collect from the
School Districts filing
supplemental census reports
a fee of 30¢ for each
scholastic included on such
supplemental census reports?

Must these funds be deposited
in the State Treasury?

We acknowledge receipt of your letter of
recent date reading as follows:

"Article 2816a, R. C. S., provides for
a supplemental scholastic census in connection
with the apportionment of the State's Public
School Funds (Acts 1941, 47th Leg., p. 152,
ch. 11).

"In connection with our current audit
of the accounts and records of the State
Department of Education, we find that the
Department has interpreted "at district
expense" in this law as meaning that the
School Districts filing these supplemental
census reports should also pay certain
expenses of the State Department in that
connection. The Districts naturally have
to pay their own local expense in taking
the supplemental census in the same manner
that they have to stand the expense of the
original census. The Department of Educa-
tion pays all of the State expense in con-
nection with checking the regular census
rolls, etc., but is now and has been col-
lecting from the School Districts filing

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

these supplemental census reports, a fee of
30¢ (35¢ at first) for each scholastic in-
cluded on such supplemental census reports.

"We are not sure as to the legality of
the collecting of these fees by the Depart-
ment of Education and shall greatly appreciate
a ruling from you on the matter. Is it legal
for the Department to collect any such fee
under the provisions of the Article to which
reference is made above, or under any other
Article in the Statutes?

"A second question arises in this con-
nection. The funds collected as above de-
scribed are being deposited in an Austin
Bank with disbursements from them being
made in the form of checks having only the
signature of an employee of the Department
of Education. In other words, this money
is being handled as "Local Fund" of that
Department, which may be illegal under the
Statutes that make provision for the handling
of State Funds through the State Treasury.
Please advise us as to this-should these
funds (whether or not legally collected) be
deposited in the State Treasury with pay-
ments therefrom made on warrants drawn
against the Treasurer, and subject to the
same restrictions as other State Funds in
their expenditures?

"Your prompt reply to these questions
will be greatly appreciated."

Article 2816a R. C. S. reads as follows:

"Section 1. It is hereby provided that in
cases of unusual increase of scholastic popula-
tion of any school district caused by the location
therein or adjacent thereto of camps, reservations,
building or dam projects sponsored by Federal
Government or State Government ownership and whose
creation results in an unusual increase in scholastic

8

population in a school district upon the certified
request of the county superintendent of the county
in which such an unusual increase exists, the State
Superintendent of Public Instruction, at district
expense, shall require a supplemental scholastic
census to be taken of the district involved.  In the
event that the census herein authorized shows a sub-
stantial increase in scholastic population, the State
Superintendent of Public Instruction may approve a
supplemental census roll, adding the names of ad-
ditional eligible scholastics to the rolls of the
districts.  Said supplement of the scholastic census
roll shall be considered a part of the original
census as if it were taken in the last preceding
month of March of the school year and the scholastic
apportionment shall be paid in accordance with said
scholastic population.  Provided further that such
supplemental census shall be taken not later than
March 15 of any fiscal year, and shall include only
such scholastics that are enrolled and are in actual
attendance; provided that for the year 1940-1941
said supplemental census will be permitted until
April 22, and no adjustment in scholastic apportion-
ment in a district entitled thereto shall be in an
amount more than that necessary for the additional
expenditures needed to care for the needs of such
districts and which shall be approved by the State
Department of Education."

It is our opinion that the phrase "at district
expense" refers only to the expense connected with the
taking of the supplemental census by the district, and
does not authorize the State Superintendent to collect
any fee or charge to take care of any additional expense
incurred by the census division of the department of
education.

The Appropriation Bill for the Executive and
Administrative Departments of the State Government passed
by the Forty-eighth Legislature contains an appropriation
of $20,840 for the School Census Division of the Department
of Education for each of the years of the biennium 1943-1945.
See General and Special Laws, Acts of 48th Legislature.

Honorable C. H. Cavness    Page 4

Following this appropriation and as a part of the Act is Section (15)b of the General Provisions, which reads in part as follows:

"The appropriations herein provided are to be construed as the maximum sums to be appropriated to and for the several purposes named herein, and the amounts are intended to cover, and shall cover the entire cost of the respective items and the same shall not be supplemented from any other sources; and, except as otherwise provided, no other expenditures shall be made, nor shall any other obligations be incurred by any department of this State. . . ." See Vernon's Texas Session Law Service, 1943, No. 5, page 1025.

This provision against supplementing the appropriations is broad enough, in our opinion, to prohibit the State Department of Education from charging the school districts a fee of 30¢ or 35¢ per pupil or any other amount to supplement the appropriation made by the Legislature for the Census Division of the Department. We realize that the work in the Census Division is increased by the passage of the act authorizing the taking of a supplemental census, but the Legislature did not see fit to make an additional appropriation to pay such additional expense, nor did it authorize the department to collect same from the respective Districts.

If the phrase "at district expense" authorized the State Department to collect these fees from the districts (as claimed by members of the Department of Education) they would constitute public moneys and should be deposited in the State Treasury and not in an Austin bank. It is our opinion that the collection of the fees is unauthorized by any law and that the State has no interest in the fund thus created, hence same should not be deposited in the State Treasury, but should be returned to the respective districts from which it was collected. See Daniel vs. Richcreek 146 S. W. (2d) 206.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    C. F. Gibson
Assistant

APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN

APPROVED JAN 25, 1944

CFG:ned